**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION,
Plaintiff-Appellee,

and

B&D MAINTENANCE, INCORPORATED,
Plaintiff,

v.

RALPH B. BROWN; R. B. BROWN &
ASSOCIATES,
Defendants-Appellants,

and

TIDEWATER EQUIPMENT COMPANY,

INCORPORATED,
Defendant-Appellee,

v.

ASSICURAZIONI GENERALI, S.P.A.;
UNITED NATIONAL INSURANCE
COMPANY; CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON; C. A. M. A. T.;
GAN INCENDIE ACCIDENTS; YASUDA
FIRE & MARINE INSURANCE; RELIANCE
INSURANCE COMPANY, INCORPORATED;
EQUIPMENT INSURANCE MANAGERS,
INCORPORATED,
Third Party Defendants.

No. 99-2228

ADVANCED ENVIRONMENTAL
TECHNOLOGY CORPORATION; B&D
MAINTENANCE, INCORPORATED,
Plaintiffs-Appellants,

v.

TIDEWATER EQUIPMENT COMPANY,
INCORPORATED,
Defendant-Appellant,

RALPH B. BROWN; R. B. BROWN &
ASSOCIATES,
Defendants-Appellees,

v.

No. 00-1047

ASSICURAZIONI GENERALI, S.P.A.;
UNITED NATIONAL INSURANCE
COMPANY,
Third Party Defendants-Appellants,

and

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON; C. A. M. A. T.; GAN
INCENDIE ACCIDENTS; YASUDA FIRE &
MARINE INSURANCE; RELIANCE
INSURANCE COMPANY, INCORPORATED;
EQUIPMENT INSURANCE MANAGERS,
INCORPORATED,
Third Party Defendants.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-94-1437-Y)

Argued: June 9, 2000

Decided: October 2, 2000

2

Before WIDENER and NIEMEYER, Circuit Judges, and
Irene M. KEELEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David J. McManus, Jr., Thomas Frank Corcoran, BAX-
TER, BAKER, SIDLE & CONN, P.A., Baltimore, Maryland, for
Appellants. Michael Joseph McManus, DRINKER, BIDDLE &
REATH, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Ken-
neth E. Ryan, Brian A. Coleman, DRINKER, BIDDLE & REATH,
L.L.P., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This action concerns a dispute among an insurance agent, who was
to have procured a liability policy containing basic pollution cover-
age, the insured and its subcontractor, who are specialists the agent
knew had contracted to remove and/or transport hazardous waste
from a contaminated site, and the insurance companies that denied
coverage after a spill due to a blanket pollution exclusion in the pol-
icy.

Ralph B. Brown and his agency, R. B. Brown & Associates, [col-
lectively known as "Brown"] appeal the following findings of the dis-
trict court: (1) no coverage existed under an insurance policy Brown

3

procured for Advanced Environmental Technology Corporation ["AETC"]; (2) Brown made a negligent misrepresentation to AETC in the certificate of insurance the agency issued on July 23, 1992; (3) Brown was liable for failing to notify AETC and B&D Maintenance, Incorporated ["B&D"] of the denial of coverage in a similar case involving an identical insurance policy; (4) AETC was not contributorily negligent; and (5) AETC and B&D did not fail to mitigate their damages. AETC and the other parties with whom it aligned cross-appeal the district court's failure to award pre-judgment interest. We affirm the judgment of the district court in all respects.

I.

AETC is a company specializing in the removal and disposal of hazardous waste. When it obtained a contract to remove transformers from the roof of a Columbia, Maryland building, it sub-contracted with B&D, a rigging and hauling company. B&D was to supply rigging and cranes to move the transformers, which were filled with PCB-contaminated oil, from the roof of the 5-story building to the ground floor. AETC then was to remove the transformers from the premises.

AETC required B&D to procure liability insurance for the job, and specifically required B&D to maintain basic pollution coverage. The parties agreed that B&D did not need to obtain cost-prohibitive "blanket" coverage for all pollution-related events; nevertheless, B&D did explain to Brown, its insurance agent, that it would need coverage for moving the transformers for AETC at the Columbia job. Having provided similar insurance for B&D and other similar construction company "clients" for nearly 20 years, Ralph Brown assured B&D representatives that he would obtain appropriate basic pollution liability coverage.

At AETC's request, Brown then provided a certificate of insurance for B&D's involvement on the Columbia job. The certificate, which Brown gave to AETC on July 23, 1992, stated on its face that B&D had coverage for "sudden and accidental" pollution losses. Unfortunately, Brown failed to disclose that the policy contained a Paramount Waste Disposal Operation Exclusion ["the Paramount Exclusion"], which essentially eliminated the "sudden and accidental" pollution

4

losses coverage. Upon reviewing the certificate of insurance, and believing that B&D possessed sufficient pollution coverage, AETC did not request a copy of the complete insurance policy despite the fact that the certificate also contained a disclaimer on its face that warned the coverages were subject to exclusions contained within the policy itself.

More than one year later, on September 30, 1993, B&D employees were in the process of lowering transformers from the roof of the Columbia building to the floor when a rigging winch hit a stationary transformer on the rooftop. This caused 40 gallons of PCB-contaminated oil to leak on the roof and through the access hole to the floor 5 stories below. The accident resulted in a 47-day cleanup operation by AETC that cost in excess of $400,000.

At AETC's request, B&D filed a claim under its policy with Generali and United National Insurance Company ("the Insurers"), which had been issued by Brown. In the face of Brown's post-spill representations that such accidents would be covered under the policy, B&D also entered into a written agreement with AETC by which AETC would be responsible for clean-up of the site, and B&D would indemnify AETC for all associated costs.

Ultimately, the Insurers declined to cover the costs of the cleanup, citing to the express terms of the Paramount Exclusion, which stated:

> Notwithstanding anything to the contrary contained in this policy, it is hereby agreed that this policy shall not apply to any liability arising out of: . . . b) seepage, pollution or contamination or any such similar liability in connection with any operation by, for or on behalf of the Assured or any contract with the Insured, for the sale, removal, disposal or dumping of any hazardous waste materials. . . .

II.

AETC sued B&D to recover the cleanup costs, and also sued Brown for negligent misrepresentation and negligent failure to procure adequate insurance. B&D filed a third-party complaint against

the Insurers, seeking coverage for the cleanup costs. B&D also filed cross-claims against Brown and AETC, while Brown filed a cross-claim against the Insurers. At the onset of the litigation the Insurers maintained that the B&D policy did not provide coverage, but they eventually entered into a partial settlement with AETC and B&D, as a result of which the Insurers stood in the shoes of AETC and B&D against Brown for the remainder of the litigation. Brown continued to pursue the cross-claim for coverage against the Insurers.

The Insurers, AETC and B&D decided to align themselves against Brown after they determined that Brown (1) had issued a nearly identical certificate of insurance to another client engaged in business similar to that of B&D; (2) had known in the early summer of 1993 that the Insurers denied coverage under the Paramount Exclusion to that subcontractor for a similar accident involving a PCB oil spill during the moving of some drums; and (3) had failed to advise either B&D or AETC of the likelihood that coverage under B&D's policy would not extend to B&D's activities on the Columbia job. [1]

The aligned parties moved for summary judgment on Brown's cross-claim for coverage, arguing that the Paramount Exclusion precluded coverage to B&D for the spill. Brown filed a cross-motion for summary judgment on this issue. The trial court found, as a matter of law, that the B&D policy did not cover the spill, concluding that B&D was engaged in "removal" of hazardous waste, an activity excluded in the Paramount Exclusion.

The Court then conducted a bench trial on the aligned parties' claims against Brown for negligent misrepresentation and failure to procure adequate insurance. At the conclusion of the bench trial, the Court ruled in favor of AETC, B&D and the Insurers, holding that (1) Brown had negligently misrepresented the coverage available when his agency issued the certificate of insurance for B&D to AETC in July 1992; (2) Brown was liable for failing to advise B&D and AETC

_____

[1] In that earlier case, In re: United Indus. Servs., Inc., No. 95-2481, slip op. (4th Cir. April 17, 1996) ["United Industrial"], another per curiam panel of this Court ultimately determined that the policy's Paramount Exclusion foreclosed coverage for the PCB oil spill.

6

of the denial of coverage in the United Industrial case**2**; (3) AETC was not contributorily negligent for failing to request and review a copy of the B&D policy; and (4) AETC and B&D were entitled to an award of cleanup costs in the amount of $434,154.63. The Court, however, did not award prejudgment interest on those damages.

Brown appealed the district court's order. The prevailing parties then cross-appealed, seeking prejudgment interest on their damages.

III.

This Court reviews de novo a district court's grant or denial of a motion for summary judgment, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), a district court's ruling regarding its interpretation of a certificate of insurance, Taylor v. Kinsella, 742 F.2d 709, 711 (2d Cir. 1984), and a district court's conclusions of law, Salve Regina v. Russell, 499 U.S. 425, 431 (1991); Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127 (4th Cir. 1987). It reviews a district court's factual findings for clear error. C.B. Fleet Co., Inc. , 131 F.3d 430, 436 (4th Cir. 1997) (citing Anderson, 470 U.S. 564, 573-74 (1985)). Finally, in cases where a district court holds that the prevailing party is not entitled to prejudgment interest as a matter of law, this Court reviews the decision not to award prejudgment interest for abuse of discretion. Crystal v. West & Callahan, Inc., 614 A.2d 560, 572 (Md. 1992).

A.

Brown alleges that the district court erroneously determined that there was no coverage under the B&D policy. According to Brown, the policy language contained within the Paramount Exclusion creates an "arguable ambiguity" which necessitates interpretation of the Exclusion's language.**3** In support of this contention, Brown maintains

_____

**2** Although unpublished opinions are not binding precedent in this circuit, see Local Rule 36(c), the district court relied upon United Industrial because it involved both the same parties and the exact exclusionary insurance policy language. We do not disagree with this reasoning; the facts in issue in United Industrial are "on all fours" with those in this case.

**3** The parties agree that Texas law governs interpretation of this insurance contract. Texas law permits interpretation of contract provisions only if their terms are ambiguous. See National Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995).

7

that, under the doctrine of ejusdem generis, this "moving" of transformers from rooftop to floor is sufficiently dissimilar to "sale, removal, disposal or dumping" of hazardous waste to make the Paramount Exclusion inapplicable to B&D's activities.

This is a distinction without a difference. The Paramount Exclusion clearly and unambiguously excludes coverage for"seepage, pollution or contamination or any such similar liability in connection with any operation by, for or on behalf of the Assured or any contract with the Insured, for the sale, removal, disposal or dumping of any hazardous waste materials." This is exactly the type of work Brown knew B&D intended to perform for AETC at the Columbia, Maryland site. Accordingly, we agree with the aligned parties that we need not interpret whether B&D's activities constitute "moving" rather than the "removing" of hazardous waste and, absent an ambiguity in the Paramount Exclusion, Brown's argument that coverage exists for AETC and B&D under the policy necessarily fails.

The district court in this case correctly found, as a matter of law, that the policy issued to B&D did not provide coverage for the PCB contamination at the Columbia site.

B.

Brown next alleges that the district court erroneously determined that the certificate of insurance provided to AETC on behalf of B&D contained a negligent misrepresentation regarding the coverage available to B&D. It found Brown liable to AETC and B&D for this negligent misrepresentation.

In Maryland, the elements of the tort of negligent misrepresentation include: (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement of material fact; (2) the defendant intends that his statement will be acted upon; (3) the defendant has knowledge that the plaintiff will probably rely on the statement; (4) the plaintiff justifiably relies on the statement; and (5) the plaintiff suffers damages as a proximate result of the defendant's negligence. See Sheets v. Brethren Mut. Ins. Co., 679 A.2d 540, 551 (Md. 1990); Gross v. Sussex, 630 A.2d 1156, 1162 (Md. 1993). Unlike fraud, an intent to deceive need not be shown. Gross, 630 A.2d at 1156.

8

The evidence at trial established that Brown issued a misleading certificate of insurance to AETC on behalf of B&D. This certificate indicated that B&D had coverage for "sudden and accidental" pollution spills, although Brown well knew that B&D would be engaging in the "removal" of waste and that the policy actually had a Paramount Exclusion for losses associated with such removal activities.

Brown's contentions -- that AETC had a duty to request and review the policy, and that the disclaimer on the face of the certificate protects Brown from liability -- are unavailing. Maryland law does not require AETC to request and review the policy referenced in a certificate of insurance, especially if there is no reason to doubt the certificate's accuracy. No case law exists in support of Brown's proposition.

Brown suggests that <u>Twelve Knotts Ltd. Partnership v. Fireman's Fund Ins. Co.</u>, 589 A.2d 105 (Md. App. 1991), establishes such a duty; however, the beneficiary in <u>Twelve Knotts</u> actually received a copy of the policy, but neglected to review it. Here, AETC did not receive a copy of the B&D policy, and had no reason to request it given the statements contained in the certificate of insurance. Thus, <u>Twelve Knotts</u> is distinguishable from this case.

Having concluded that Brown is liable to AETC for negligent misrepresentation, we need not address whether the district court erred in finding Brown liable for failing to notify AETC and B&D of the denial of coverage in the <u>United Industrial</u> case, because AETC and B&D have resolved their disputes and are in privity with one another.

C.

Brown's last assignment of error challenges the district court's ruling that the aligned parties did not fail to mitigate their damages. According to Brown, because he presented uncontroverted expert testimony that AETC and B&D had failed to mitigate their damages, and that those damages were excessive, this Court should remand the case so the district court can reconsider the propriety of the damages award.

9

During the bench trial, however, the district court, after ample opportunity to weigh the credibility of Brown's expert in light of the rest of the evidence in the case, held that the aligned parties were entitled to reimbursement of the full amount of the cleanup costs. Brown's expert did not testify that the cleanup performed was inappropriate; rather, he stated that the associated costs were unreasonable and too high, and could have been lowered by selecting a different method of cleanup.

Our review of the record below establishes that the trial court's decision to award judgment in the amount of full reimbursement costs was not clearly erroneous. The court disagreed that an alternative and less expensive cleanup method was required. Such a ruling does not warrant remand.

D.

Finally, the appellees raise as error in their cross-appeal the district court's refusal to award pre-judgment interest. Although AETC and B&D requested an award of pre-judgment interest on their verdict, the trial court found that their claims sounded in tort rather than in contract and did not award it. Because they claimed under both breach of contract and tort theories, and the trial court ruled in their favor solely on the tort claims without considering their breach of contract claim, AETC and B&D maintain that their claims still may be considered as having been grounded in contract. Thus, they argue they are entitled to pre-judgment interest on their award as a matter of law.

The district court did not exceed its discretion in concluding that the claims on which the plaintiffs obtained relief sounded in tort rather than in contract. The judgment of the district court is accordingly

AFFIRMED.